# United States Court of Appeals
## For the Eighth Circuit

_____

No. 23-3415

_____

Jarell Davis Terry

*Plaintiff - Appellant*

v.

James Dycus, Warden, ADC; Emmer Branch, Warden, ADC; Raymond Naylor, Internal Affair Investigator, ADC; Carrie Granville, Sergeant, ADC; Dexter Payne, Director, ADC; Morieno Kelly; Dodd, Corporal; Franklin, Sergeant; K. Wilson, Corporal; C. Parnell, Corporal

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta

_____

Submitted: June 18, 2024
Filed: August 8, 2024
[Unpublished]

_____

Before KELLY, GRASZ, and KOBES, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Jarell Terry appeals following the district court's[1] adverse grant of summary judgment in his pro se 42 U.S.C. § 1983 action alleging that prison guard Morieno Kelly used excessive force against him. Upon de novo review, see Smith v. Andrews, 75 F.4th 805, 808 (8th Cir. 2023) (standard of review), we affirm.

We conclude that the district court properly relied on the facts depicted by the video evidence, which blatantly contradicted Terry's version of the facts, in deciding the summary judgment motion. See Scott v. Harris, 550 U.S. 372, 380-81 (2007) (where non-movant's version of events was blatantly contradicted by video evidence, court should not adopt that version of facts in ruling on summary judgment motion, but should view facts in light depicted by video). In light of the facts shown by the video, we agree that Kelly's use of force was a good-faith effort to restore discipline. See Treats v. Morgan, 308 F.3d 868, 872 (8th Cir. 2002) (explaining that officers may use force reasonably in good-faith effort to maintain or restore discipline, but not maliciously and sadistically to cause harm, and discussing relevant factors). We also conclude Terry did not offer sufficient evidence to show that Kelly pushed him in the shower, or that Kelly could have protected him from another officer's push. See Mann v. Yarnell, 497 F.3d 822, 825 (8th Cir. 2007) (to defeat motion for summary judgment, non-movant's allegations must be supported by sufficient probative evidence that would permit finding in his favor on more than mere speculation or conjecture); Estate of Davis ex rel. Ostenfeld v. Delo, 115 F.3d 1388, 1395 (8th Cir. 1997) (prison officials may be liable for failure to protect inmate from use of excessive force if they are deliberately indifferent to substantial risk of serious harm to inmate). Terry has waived his claims against the other appellees by offering no argument about them in his briefs. See Waters v. Madson, 921 F.3d 725, 744 (8th Cir. 2019) (issues not challenged on appeal are waived).

The judgment is affirmed. See 8th Cir. R. 47B.

---

[1]The Honorable Lee P. Rudofsky, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Patricia S. Harris, United States Magistrate Judge for the Eastern District of Arkansas.

KELLY, Circuit Judge, dissenting in part and concurring in part.

Terry alleges that Kelly sprayed him in the face three times with MK-9 chemical agent—a form of pepper spray—to obtain his compliance while responding to his cell about a mental health concern.

Based on my view of the video recording of this incident, there remain genuine factual disputes as to whether, after the first burst of pepper spray, Terry was noncompliant, argumentative, or recalcitrant with Kelly. Kelly's first spray—which followed a warning that "chemical agent" would be used if Terry did not turn around, put his arms through the bars in his cell, and submit to restraints—may have been a good-faith effort "to restore discipline." But I question whether the same can be said of the subsequent pepper sprays.

The way I see it, the video does not blatantly contradict the entirety of Terry's version of the facts. The video supports the assertion that Terry tried to comply with Kelly's commands but was at least partially incapacitated after the first burst of pepper spray. Because he was wiping his eyes and face with his hands, a reasonable jury could find that he was unable to simultaneously hold them behind his back to make them available for cuffing. A reasonable jury could also find that Terry was not being argumentative or purposely recalcitrant, but rather, was crying out in pain and for "help." Cf. Jones v. Shields, 207 F.3d 491, 496–97 (8th Cir. 2000) (concluding "a limited application of [pepper spray] to control a recalcitrant inmate" who "was neither handcuffed nor secured in any way during th[e] encounter" was not unconstitutional); Burns v. Eaton, 752 F.3d 1136, 1139 (8th Cir. 2014) (concluding the prison guard "no longer faced the relatively simple task of cuffing Burns and escorting him back to his cell. [The guard] now faced a recalcitrant inmate.").

Kelly nevertheless sprayed Terry a second time a little over a minute after the first; and a third time about a minute and 20 seconds after the second—both at close

range. Viewing the genuinely disputed facts in the light most favorable to Terry, a reasonable jury could find that the second and third sprays were gratuitous and not necessary to restore discipline because, by that point, Terry was sufficiently incapacitated such that he was neither a threat to the officers or himself, nor able to fully comply with Kelly's orders. See Treats, 308 F.3d at 872 (concluding that "the evidence does not show an objective need for the force which was used because Treats had not jeopardized any person's safety or threatened prison security."); see also Hope v. Pelzer, 536 U.S. 730, 738 (2002).

For these reasons, although I otherwise concur in the majority opinion, I would remand the case to the district court for a trial on the issues identified above. Because Terry is pro se, I would further remand for the district court to consider the appointment of counsel.

_____